# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IRA A. JOHNSON, | : | CIVIL ACTION |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAUL K. SMEAL, *et al.*, | : | |
| Respondents | : | NO. 08-3670 |

### MEMORANDUM

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                                                 April 15, 2011

Presently before this court is a *pro se* Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. Ira A. Johnson ("Petitioner") initially sought habeas relief based on two claims of ineffective assistance of counsel, the trial court's failure to inform him of his right to testify, and insufficiency of the evidence. The Honorable Paul S. Diamond referred this matter to the undersigned for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is ordered that this case continue to be stayed until the state court rules upon Petitioner's third petition for collateral relief.

### I.     BACKGROUND

On July 28, 2008,[1] Petitioner filed his federal habeas petition alleging that: (1) trial counsel was ineffective for interfering with Petitioner's right to testify; (2) trial counsel was ineffective for failing to investigate Petitioner's alibi; (3) the trial court violated due process by failing to inform Petitioner of his right to testify; and (4) there was insufficient evidence to sustain his murder and

---

[1] The Clerk of Court docketed the habeas petition on August 5, 2008. However, Petitioner is a *pro se* inmate, so his petition must be deemed filed on the date he gave it to prison officials for mailing. *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). Petitioner signed the habeas petition on July 28, 2008. Pet. at 11. Absent any evidence to the contrary, the court will presume this earlier date to be the filing date.

robbery convictions. Petition ("Pet.") at 9-10. Petitioner's second Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-46, petition was still pending in the state court when the instant habeas action commenced. The second PCRA petition sought to exhaust state court remedies with respect to Petitioner's second habeas claim. *See* Order of October 23, 2008 at 1 (Document No. 6). On February 16, 2010, the Pennsylvania Superior Court affirmed the PCRA court's conclusion that the second PCRA petition was untimely. *Commonwealth v. Johnson*, No. 729 EDA 2009, slip op. at 7 (Pa. Super. Ct. Feb. 16, 2010) ("2010 Super. Ct. Op."). On November 1, 2010, the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal ("*allocatur*"). *Commonwealth v. Johnson*, No. CP-51-CR-0410491-2000 Docket at 19 (Phila. Co.) ("Trial Ct. Docket").

On November 15, 2010, Petitioner filed yet a third PCRA petition. Trial Ct. Docket at 20. That petition is still pending. *Id.* On October 20, 2010, Petitioner had requested that determination of his federal habeas petition be stayed pending state court review of his third PCRA petition that is based upon a new after-discovered evidence claim. Pet'r Protective Petition for an Extended Order of Stay/Abeyance ("Second Prot. Pet.") at 1-5. The Commonwealth opposes Petitioner's request. Response to Protective Petition for Extended Order to Stay and Abey Proceedings ("Sec. Stay Resp.") at 1-4. Judge Diamond subsequently ordered the parties to brief three questions: (1) when, under 28 U.S.C. § 2244(d), did the limitations period for filing the habeas petition expire; (2) is Petitioner's new after-discovered claim timely, if untimely, does it relate back to Petitioner's timely filed habeas petition; and (3) are there grounds for equitable tolling of the habeas limitations period with respect to the new claim? *See* Order of December 13, 2010 (Document No.14). Both parties have has addressed these questions, so the court is poised to decide how to proceed.

## II. DISCUSSION

### A. The Habeas Period of Limitations

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, imposes a one year period of limitations for habeas corpus petitions. The time period begins to run from the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The Third Circuit has held that the starting date for the habeas period of limitations must be determined for each cognizable claim contained in the petition. *See Fiedler v. Varner*, 379 F.3d 113, 117-18 (3d Cir. 2004).

On July 1, 2001, Petitioner was convicted of first degree murder and related offenses. *Commonwealth v. Johnson*, No. 939 EDA 2006, slip op. at 1 (Pa. Super. Ct. Mar. 12, 2007) ("2007 Super. Ct. Op."). On direct appeal, the Pennsylvania Superior Court affirmed his sentence in 2003. *Id.* at 4. The Pennsylvania Supreme Court denied *allocatur* on March 2, 2004. *Id.* Petitioner did not seek *certiorari* in the United States Supreme Court; the time to do so expired on June 1, 2004. *See* Sup. Ct. R. 13(1).

Pursuant to § 2244(d)(1)(A), Petitioner's conviction became final on June 1, 2004. *See Jones v. Morton*, 187 F.3d 333, 337 n.1 (3d Cir. 1999). Petitioner does not assert that an alternative starting date applies, *see* Pet'r Supplemental Memoranda ("Pet'r Supp. Mem.") at 1-3, hence, that is the date the court will use initially. The habeas period of limitations ran until June 17, 2004 when Petitioner, by timely filing his first PCRA petition,[2] tolled his AEDPA year, s*ee* 28 U.S.C. § 2244(d)(2), until the Pennsylvania Supreme Court denied *allocatur* on August 15, 2007. *See Lawrence v. Florida*, 547 U.S. 327, 332 (2007). The habeas period of limitations commenced running again on that day and expired 349 days later on July 29, 2008.[3] Since the habeas petition was filed on July 28, 2008, all claims contained therein are timely. However, the new claim, which Petitioner has not yet expressly pled, is not timely if § 2244(d)(1)(A) governs it.

**B. Petitioner's New Claim is Timely**

Petitioner asserts that, on August 24, 2010, a new witness, Terrance Johnson, informed him that, between 6:30 and 7:30 p.m. on the day of the crime, he (Mr. Johnson) saw Petitioner leave the victim's apartment building. Terrance Johnson's Affidavit ("Johnson Aff.") at 1. Ten to fifteen seconds later, Mr. Johnson saw the victim call Petitioner from his apartment window. *Id.* The victim asked Petitioner to return to the apartment, Petitioner refused, and kept walking away from the apartment. *Id.* Between 8:30 and 9:30 p.m., that same night, Mr. Johnson saw a "huge commotion," a crowd of people, and police outside of his apartment building. *Id.* Mr. Johnson overheard someone say that the victim had been killed. *Id.* At the time of the crime, Mr. Johnson was only twelve years old; he did not know Petitioner had been charged with the crime. *Id.* at 2.

---

[2] Petitioner fails to account for the 16 days that elapsed between the date his conviction became final and the date he filed his first PCRA petition. *See* Pet'r Supp. Mem. at 2-3.

[3] The Respondent erroneously maintains that, after 16 days of Petitioner's AEDPA year had expired by June 17, 2004, he only had 348 left. *See* Commonwealth's Supplemental Memorandum ("Com. Supp. Mem.") at 2. However, Petitioner had 349 days left, hence, his AEDPA year expired on July 29, 2008, not July 28, 2008.

Further, Mr. Johnson candidly concedes that, "I really can't say that I know [Petitioner] didn't do it, because I just don't know what happened after I'd seen him leave and the last time I'd seen [the victim] alive." *Id.*

A free-standing assertion of innocence is not a cognizable habeas claim.[4] *See Herrera v. Collins*, 506 U.S. 390, 400, 404 (1993). However, a claim that trial counsel was ineffective for failing to locate Mr. Johnson prior to trial, *see Haines v. Kerner*, 404 U.S. 519, 521 (1972) (*pro se* pleadings are held to a less stringent standard than those filed by attorneys), could be brought.

Mr. Johnson's affidavit indicates that he first approached Petitioner with the new information on August 24, 2010. *See* Johnson Aff. at 1. Since Mr. Johnson, the only person privy to this crucial information, kept it concealed from Petitioner until August 24, 2010, it is difficult to see how Petitioner could have discovered this information any earlier. Hence, the habeas period of limitations began to run for a claim based on that information on August 24, 2010. Pursuant to 28 U.S.C. § 2244(d)(1)(D), Petitioner has one year from that date to plead a cognizable claim based on Mr. Johnson's affidavit.[5]

Petitioner, quite appropriately, wants this court to delay review of his new claim and his other claims so that he can exhaust state court remedies. When Petitioner learned the new evidence on August 24, 2010, his appeal to the Pennsylvania Supreme Court was still pending. A third PCRA petition was premature at that time. *Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000). Once the Pennsylvania Supreme Court denied *allocatur* on November 1, 2010, *see* Trial Ct. Docket at 19,

---

[4] Petitioner has provided the court with a copy of what appears to be the PCRA petition he has filed in the state court. *See* Second Prot. Pet., Ex. D. In that document, he does not assert a federal constitutional claim; but rather a free-standing claim of innocence based on the new evidence Mr. Johnson provides. *Id.*, Ex. D at 2. If Petitioner does not amend his PCRA claim to state a federal constitutional claim, he will face an exhaustion (and procedural default) problem when the stay is lifted in this case.

[5] Since the § 2244(d)(1)(D) one year period of limitations has not yet expired, it is unnecessary to consider relation back or equitable tolling.

Petitioner had sixty days to file a PCRA petition raising a claim based on new evidence under 42 Pa. Cons. Stat. Ann. § 9545(b)(1)(ii). *See Lark*, 746 A.2d at 588. Petitioner filed his third PCRA petition on November 15, 2010. Trial Ct. Docket at 20. Hence, it appears that he complied with *Lark* and has appropriately invoked § 9545(b)(1)(ii). Therefore, this case should be stayed. Furthermore, Petitioner shall submit to this court a cognizable claim based on the new evidence provided by Terrance Johnson on August 24, 2010 within thirty days of exhausting his state court remedies with respect to that new evidence.

       An implementing order follows.